Case 4:24-cv-01762   Document 8   Filed on 07/31/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMESHA BEATTIE, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-1762 |
| WSB ENGINEERING, L.L.C., | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

Timesha Beattie sued WSB Engineering, LLC, in state court for wrongful termination and discrimination. WSB Engineering removed based on federal question jurisdiction. (Docket Entry No. 1). WSB has moved to dismiss Ms. Beattie's first amended complaint, with prejudice. (Docket Entry No. 6). Based on the motion, the pleadings, and the law, the court grants the motion without prejudice, with leave for Ms. Beattie to file a second amended complaint. The reasons are set out below.

**I.    The Legal Standard for Dismissal**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**II.     Analysis**

Ms. Beattie's first amended complaint does not allege sufficient specific facts that, if true, would support a reasonable inference that she suffered discrimination and was retaliated against

for complaining about discrimination toward herself or others. She alleges that she has been promoted multiple times and given leadership responsibilities. (Docket Entry No. 5 at ¶ 11). She then alleges that she reported "experiences of racism, sexism, and a hostile work environment several times to her direct lead, supervisors, mid and upper-level management," and "inquired as to the denial of opportunity and pay advancement after learning her work was given to her white, male, co-worker to present as his own for Defendant's partner, CenterPoint Energy, multiple times." (*Id.* at ¶¶ 11–13). She does not allege facts showing when these "experiences" occurred, or the type and extent of offensive behavior that she experienced.

Ms. Beattie also does not allege facts that would show a causal link between her complaints to management and her job termination. She refers to "retaliation of her support of her former immediate supervisor, an African-American female who had made similar complaints and was terminated just days before Ms. Beattie." (*Id*. at ¶¶ 13, 14). But she does not allege facts that would connect her support for a former supervisor to her termination. She does not allege when or how she supported her former immediate supervisor, or when that occurred in relation to her termination. The absence of such facts makes her complaint insufficient.

Ms. Beattie also alleges that she was terminated for "reporting the discriminatory practices of Defendant[,]" (*Id.*), but she does not allege any specifics, including the timing of her reporting relative to her termination. Again, the lack of specifics makes her complaint insufficient. The court dismisses the claims for discrimination and retaliation under Title VII and the Texas Commission on Human Relations Act, but without prejudice and with leave to amend.

Finally, Ms. Beattie brings a claim under *Sabine Pilot Serv. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985), which covers "the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Id.* But the complaint does not allege that WSB required Ms.

Beattie to perform an illegal act. Nor does the complaint allege that she refused to perform an illegal act or that she was terminated solely for refusing to perform an illegal act.

At least some of these pleading shortcomings may be addressed by repleading. The court therefore dismisses without prejudice and with leave to file an amended complaint no later than September 2, 2024.

SIGNED on July 31, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge